**ALICE C. SMITH (SBN: 251654)**
asmith@yokasmith.com
**CHRISTINE C. DE METRUIS (SBN: 203610)**
cdemetruis@yokasmith.com
**YOKA | SMITH, LLP**
445 South Figueroa Street, 38th Floor
Los Angeles, CA 90071
Phone: (213) 427-2300
Fax:    (213) 427-2330

Attorneys for Plaintiff, FITNESS INTERNATIONAL, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FITNESS INTERNATIONAL, LLC,<br><br>           Plaintiff,<br><br>  vs.<br><br>LEAH ALSPAUGH and DOES 1 TO 50, Inclusive,<br><br>           Defendants. | Case No.   8:22-CV-1800<br><br>**COMPLAINT**<br>**1. Federal Trademark Infringement (15 U.S.C. §1114)**<br>**2. Federal Unfair Competition (15 U.S.C. §1125)**<br>**3. Common Law Trademark Infringement**<br>**4. Common Law Fraud**<br>**5. Intentional Interference with Prospective Economic Advantage**<br>**6. Intentional Interference with Contractual Relations**<br>**7. Injunctive Relief**<br><br>DEMAND FOR JURY TRIAL |

COMES NOW Plaintiff, FITNESS INTERNATIONAL, LLC and hereby alleges as follows:

## PARTIES

1. Plaintiff, FITNESS INTERNATIONAL, LLC ("Plaintiff") is a California limited liability company doing business nationwide, with its principal office in Irvine, California. Plaintiff owns and operates fitness clubs throughout North America under the name "LA Fitness." Since approximately 1990, Plaintiff has offered personal training services to its members under the name "Pro Results." Plaintiff is the owner of the federally registered trademarks "LA Fitness", "L.A. Fitness" and "Pro Results".

2. Defendant, LEAH ALSPAUGH ("Alspaugh"), is an individual. At all times relevant herein, Defendant Alspaugh is a citizen and resident of the State of California, residing in Los Angeles County.

3. The true names and/or capacities, whether individual, corporate, associate or otherwise, of the Defendants designated herein as Does 1 through 50, inclusive, and each of them, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of these Defendants fictitiously named herein as Doe is legally responsible, negligent or in some other actionable manner liable for the events and happenings hereinafter referred to, and proximately and legally caused the injuries to Plaintiff as hereinafter alleged. Plaintiff will seek leave of the Court to amend this Complaint to insert the true names and/or capacities of such fictitiously named Defendants when the name has been ascertained. Defendant Alspaugh and Does 1 through 50 are hereinafter collectively referred to as "Defendants."

4. Defendant Alspaugh is a former employee of Plaintiff. On information and belief, Defendant Alspaugh and Does 1 through 50 have engaged in a pattern and practice of marketing fitness-related services using Plaintiff's federally registered trademarks or confusingly similar variants thereof. Defendants' misuse of Plaintiff's

trademarks has caused and continues to cause significant injury to Plaintiff's hard-earned reputation and goodwill.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this controversy under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338. The Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. 1367, as they share the identical facts and parties as Plaintiff's federal claims. Resolving all of Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, circumstances, and fairness to the parties.

6. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(1), as all Defendants named herein are residents of the State of California, in which this district is located.

## GENERAL ALLEGATIONS

7. Plaintiff Fitness International, LLC, owns and operates sports and fitness clubs throughout North America. Plaintiff offers its members access to exercise equipment, fitness classes and programs, personal training, and education on healthy living. Since approximately 1984, Plaintiff has operated its sports and fitness clubs under the trade name "LA Fitness." Since approximately, 1990, Plaintiff has offered personal training services under the trade name "Pro Results." In the highly competitive field of fitness and personal training, it is of the utmost importance for Plaintiff to maintain its unique brand presence and name recognition, and to have its brand names synonymous with the quality of service that Plaintiff provides. To that end, Plaintiff has taken steps to protect the reputation, goodwill and name recognition Plaintiff has built up over several decades, including:

   a. Plaintiff is the owner of the federally registered trademark, "L.A. Fitness" which was registered by the United States Patent and

Trademark Office ("USPTO") on November 23, 1993 (Registration No. 1806464).

    b. Plaintiff is the owner of the registered trademark, "LA Fitness" which was registered by the USPTO on March 7, 2000 (Registration No. 2326358). The trademark "LA Fitness" was re-registered by the USPTO on March 6, 2018 (Registration No. 5418503).

    c. Plaintiff is the owner of trademark "Pro Results", which was registered by the USPTO on July 20, 2004 (Registration No. 2865591).

8. Defendant Leah Alspaugh has never had any ownership interest in Fitness International, LLC, or any of its affiliated brand names. Defendant Alspaugh has never held a corporate management or executive position at Fitness International, LLC, or any of its affiliated brand names. Defendant Alspaugh was hired by Plaintiff's club in Long Beach, California, as a training assistant manager in January 2009. Defendant Alspaugh subsequently worked at other LA Fitness clubs in Southern California until February 2011, when she was terminated for cause. In or around May 2013, Defendant Alspaugh was re-hired at an LA Fitness club in Atlanta, Georgia, after applying for a position using a false Social Security number. Defendant Alspaugh was terminated a few days later after it was discovered that she had provided a false Social Security number. Defendant Alspaugh has not had any employment or other affiliation with Plaintiff since her termination in 2013.

9. Plaintiff is informed and believes, and based upon such information and belief alleges, that since her termination, Defendant Alspaugh, has engaged in a pattern and practice of harassing Plaintiff, its employees, and members.

10. In or around September 2015, Defendant Alspaugh entered one of Plaintiff's locations without permission through an emergency exit and was found sleeping on the floor by Plaintiff's members, who informed Plaintiff's staff. Plaintiff's staff then escorted Defendant Alspaugh off the premises.

11. In or around March 2018, Defendant entered Plaintiff's Santa Ana club without permission, and was found sleeping in the club's area for children known as the Kids Klub.

12. In or around June 2018, Defendant Alspaugh entered Plaintiff's Long Beach Cherry club location without permission, sat at a sales desk, and began using the club's computer and phone to call LA Fitness employees, falsely representing herself as an LA Fitness executive.

13. On or about June 5, 2018, Plaintiff sent a "no trespass" letter to Defendant Alspaugh, informing her that she was not permitted to return to any of Plaintiff's clubs.

14. Plaintiff is informed and believes, and based upon such information and belief alleges that Defendant Alspaugh, has used Plaintiff's trademark "Pro Results" in email correspondences falsely representing herself as an affiliate of Plaintiff since approximately April 2022.

15. Plaintiff is informed and believes, and based upon such information and belief alleges, that in 2022, Defendant Alspaugh made several attempts to enter Plaintiff's corporate offices. In addition, Plaintiff is informed and believes, and based upon such information and belief, that on several occasions in 2022, Defendant Alspaugh has contacted by email and/or telephone various Plaintiff employees and affiliates holding herself out to be a manager, corporate representative and/or owner of LA Fitness and/or Pro Results, and making recommendations regarding hiring, firing and training of employees, recommendations regarding cancelling various member's membership agreements with Plaintiff, and requesting various documentation regarding Plaintiff's business.

16. On or about April 26, 2022, Plaintiff sent a letter to Defendant Alspaugh demanding that she cease and desist from contacting Plaintiff's employees and business affiliates.

17. Plaintiff is informed and believes, and based upon such information and belief alleges, that from her termination in 2011 through the present, Defendant Alspaugh and Does 1 through 50, and each of them, have made several other attempts to contact Plaintiff's employees, business affiliates, and members by misrepresenting themselves as either a manager, executive or owner of Plaintiff, LA Fitness and/or Pro Results.

18. On or about August 1, 2022, Defendant Alspaugh registered a limited liability company with the name "Leahalspaugh LA Fitness LLC" with the California Secretary of State, with its principal place of business located at 1255 Elden Avenue, Suite 520, Los Angeles, California.

19. On or about August 4, 2022, Defendant Alspaugh obtained a Federal Employer Tax ID number under the name "Leah Alspaugh Fitness International."

20. On or about September 13, 2022, Plaintiff sent a second letter to Defendant Alspaugh demanding that she cease and desist from (i) contacting Plaintiff's employees, landlords and business affiliates and (ii) misrepresenting that she is an owner, officer of employee Plaintiff.

21. In or around September 2022, Plaintiff became aware that Defendants had registered the email address "ProResults2022@yahoo.com" without Plaintiff's knowledge or permission and was using that email address to contact third parties, including at least one person in the State of Georgia who showed up at one of LA Fitness' clubs stating he was hired as an operations manager by "Leah" in corporate. Plaintiff does not have anyone named "Leah" in its corporate offices. Plaintiff informed Yahoo of the fraudulent activity and requested that Yahoo disable the "ProResults2022@yahoo.com" email address, and Yahoo complied.

22. On or about September 28, 2022, Plaintiff learned that Defendant Alspaugh was also using the email address "ProResults411@yahoo.com," without Plaintiff's knowledge or permission, and was using that email address to contact third parties, representing herself as the owner of LA Fitness. Plaintiff informed Yahoo of

the fraudulent activity and requested that Yahoo disable the "ProResults411@yahoo.com" email address, and Yahoo complied.

23. On or about September 29, 2022, Plaintiff learned that Defendant Alspaugh was also using the email address "ProResults1871731@yahoo.com," without Plaintiff's knowledge or permission, and was using that email address to contact third parties.

24. Plaintiff is informed and believes, and on such information and belief alleges, that at all times relevant herein, Defendants Alspaugh and Does 1 through 50 have engaged in additional conduct of falsely representing to employees and third parties that they are the owners, managers and/or corporate representatives of Plaintiff Fitness and its affiliated brands, and infringing on Plaintiff's federally registered trademarks by using the names LA Fitness and Pro Results, or similar variations of the names LA Fitness and Pro Results, causing substantial harm to Plaintiff's reputation and goodwill.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement)

25. Plaintiff incorporates by reference paragraphs 1 through 24, above, as though fully set forth herein.

26. An actual, present, and justiciable controversy has arisen between Plaintiff and Defendants concerning Defendants' unauthorized use of Plaintiff's trademarks.

27. At all relevant times, Plaintiff had and continues to have federally registered trademarks for "LA Fitness", "L.A. Fitness" and "Pro Results" in relation to its fitness and sports related business.

28. Defendants' use of a confusingly similar names – including "LeahAlspaugh LA Fitness, LLC", "Leah Alspaugh Fitness International", and "Pro Results" – in filings with the California Secretary of State, the Internal Revenue Service, and in email communications with Plaintiff's employees and third parties, has

caused, and is likely to continue to cause, confusion, deception, and mistake by creating the false and misleading impression that the fitness-related goods or services Defendants are actually or purportedly offer are affiliated or connected with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

29. Defendants' use of the names "LeahAlspaugh LA Fitness, LLC", ""Leah Alspaugh Fitness International", and "Pro Results" is confusingly similar to Plaintiff's federally protected trademarks in violation of 15 U.S.C. § 1114. Defendants' activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of Plaintiff's current and potential future employees, affiliates, members, others in the same field, and to the public at large, and will also continue to cause injury to Plaintiff's goodwill and reputation associated with its trademarks, for which Plaintiff has no adequate remedy at law.

30. Defendants' continued infringement and use of Plaintiff's trademarks demonstrate an intentional, willful, and malicious intent to trade on Plaintiff's goodwill and reputation, all to Plaintiff's detriment and great and irreparable harm.

31. Defendants have caused and will continue to cause substantial injury to the public and to Plaintiff, for which there is no adequate remedy at law. As such, Plaintiff is entitled to injunctive relief, and to monetary damages in an amount to be determined at trial, including Defendants' profits, all costs incurred in bringing this action, and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1114, 1116 and 1117.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition)

32. Plaintiff incorporates by reference paragraphs 1 through 31, above, as though fully set forth herein.

33. By Defendants' knowing and intentional unauthorized imitation, adoption, and use of Plaintiff's "LA Fitness", "L.A. Fitness" and "Pro Results" marks and/or marks which are confusingly similar to Plaintiff's trademarks in association with

Defendants' goods and services, Defendants have and continue to falsely designate their goods and services as being derived from or affiliated with those of the Plaintiff.

34.  Defendants use of the marks "LeahAlspaugh LA Fitness," "Leah Alspaugh Fitness International," "ProResults2022," "ProResults411", "ProResults1871731" and "Pro Results" is likely to cause and/or has caused relevant consumers and the public to mistakenly believe that Defendants have an affiliation with Plaintiff, that Defendants' business is sponsored or approved by Plaintiff, or that Defendants are otherwise associated with or have obtained permission from Plaintiff to use Plaintiff's trademarks in connection with the sale of Defendants' goods and services.

35.  By engaging in the unauthorized activities described above, Defendants have made, and continue to make, false, deceptive, and misleading statements constituting false representations and false advertising made in connection with the sale of goods or services distributed in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36.  Defendants' willful and intentional acts of unfair competition, false designation of origin, and false and misleading representations of fact, have caused and are causing great and irreparable injury and damage to Plaintiff's business and its goodwill and reputation in an amount that cannot be ascertained at this time and, unless preliminarily and permanently restrained, will cause further irreparable injury and damage, leaving Plaintiff with no adequate remedy at law.

37.  By reason of the foregoing, Plaintiff is entitled to injunctive relief against Defendants, and anyone acting in concert with Defendants, to restrain further acts of unfair competition, false advertising, false designation of origin, and false and misleading representations of fact, and to recover any damages proven to have been caused by reason of Defendant's aforesaid acts, and to recover punitive damages based on Defendant's willful, intentional, and/or grossly negligent acts.

///

## THIRD CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

38. Plaintiff incorporates by reference paragraphs 1 through 37 as though fully set forth herein.

39. Founded in 1984, Plaintiff currently operates gym facilities throughout North America under the trade name "LA Fitness". Plaintiff has used the trade name "Pro Results" in connection with its personal training operations since approximately 1990.

40. Plaintiff is the owner of the of the trademarks "L.A. Fitness" (registered with the USPTO on November 23, 1993); "L.A. Fitness" (registered with the USPTO on March 7, 2000, and re-registered on March 6, 2018); and "Pro Results" (registered with the USPTO on July 20, 2004).

41. The acts of Defendants set forth in this Complaint, including those set forth in Plaintiff's First Claim For Relief, constitute trademark infringement under California law.

42. Defendants' conduct described herein has caused and will continue to cause great irreparable harm to Plaintiff and the public at large, for which there is no adequate remedy at law. As such, Plaintiff seeks an order from this Court permanently enjoining Defendants from infringing on Plaintiff's trademarks.

## FOURTH CLAIM FOR RELIEF

### (Common Law Fraud)

43. Plaintiff incorporates by reference paragraphs 1 through 42 as though fully set forth herein.

44. At all times relevant herein, Defendants falsely represented to Plaintiff's employees and third parties that they are affiliated with Plaintiff's business, including statements that Defendant Alspaugh is the owner and/or holds a corporate position in Plaintiff's business, filing and obtaining an employer ID number from the Internal Revenue Service under the name "Leah Alspaugh Fitness International," and registering

a limited liability company with the name "LeahAlspaugh LA Fitness LLC" with the California Secretary of State.

45. Defendants made these representations knowing they were false or in reckless disregard to the truth, and with the intention that third parties would rely on such misrepresentations.

46. Third parties actually relied on Defendants' misrepresentations, as is evidenced by the Internal Revenue Service issuing an employer ID number to "Leah Alspaugh Fitness International" and the California Secretary of State registering the company "LeahAlspaugh LA Fitness LLC."

47. Defendants' willful and intentional false representations have caused and are causing great and irreparable injury and damage to Plaintiff's business and its goodwill and reputation in an amount to be proven at the time of trial. Further, Defendants' fraudulent conduct was intentional, thereby entitling Plaintiff to punitive damages.

## FIFTH CLAIM FOR RELIEF

**(Intentional Interference with Prospective Economic Advantage)**

48. Plaintiff incorporates by reference paragraphs 1 through 47 as though fully set forth herein.

49. At all relevant times, Plaintiff has been engaged in economic relationships with its fitness club members.

50. In obtaining and maintaining members, Plaintiff has a probability of future economic benefit.

51. At all relevant times, Defendants were aware of Plaintiff's relationship with its members, employees, and business affiliates, and the economic importance of obtaining and maintaining those relationships.

52. Defendants intentionally engaged in conduct that they knew would, or otherwise intended to, disrupt Plaintiff's relationships with its members, employees, and business affiliates, including without limitation, trespassing into Plaintiff's clubs and

sleeping in areas where members were present, representing to employees and business affiliates that they were a manager, executive or owner of Plaintiff or otherwise affiliated with Plaintiff, seeking to hire and fire employees, and seeking to cancel memberships via misleading emails to Plaintiff's employees.

53. As a result of Defendants' conduct, Plaintiff has sustained damages in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF

### (Intentional Interference with Contractual Relations)

54. Plaintiff incorporates by reference paragraphs 1 through 32 as though fully set forth herein.

55. At all relevant times, Plaintiff has been engaged in contractual relationships with its members.

56. At all relevant times, Plaintiff has been engaged in contractual relationships with its employees.

57. At all relevant times, Defendants intended to interrupt the performance of Plaintiff's contract with its members by through misrepresenting their authority to order Plaintiff's employees to cancel memberships, and by trespassing into Plaintiff's clubs and sleeping in areas where members were present, thereby creating the impression that Plaintiff's clubs were not secure, or where otherwise unsafe or unkept.

58. At all relevant times, Defendants intended to interrupt the performance of Plaintiff's contract with its employees by intending to harass Plaintiff's employees, attempting to fire employees, and attempting to hire new employees.

59. Defendants' conduct prevented Plaintiff from providing its members with the club conditions and membership operations as expected in their contractual agreements.

60. Defendants' conduct prevented Plaintiff from providing its employees with the expected working environment pursuant to their contracts because employees

were urged to hire people that they did not seek to hire, as well as, exposure to harassment and annoyance by Defendant.

61. As a result of Defendants' conduct, Plaintiff has sustained damages in an amount to be proven at trial.

## SEVENTH CLAIM FOR RELIEF
### (Injunctive Relief)

62. Plaintiff incorporates by reference paragraphs 1 through 61 as though fully set forth herein.

63. Defendant was terminated from her employment with Plaintiff in May 2013. At no time either during her employment or after, has Defendant been an executive or owner of Plaintiff or any of its brands.

64. Defendant has not had any affiliation with Plaintiff since May 2013.

65. However, from approximately 2018 to the present, Defendant has engaged in a pattern and practice of holding herself out to be the owner of Plaintiff, or otherwise affiliated with Plaintiff, and to have the authority to hire or fire personnel, change Plaintiff's registered agents for service of process, and otherwise misrepresent her affiliation with Plaintiff to Plaintiff's employees, members, and State and Federal governmental agencies, all to Plaintiff's detriment.

66. Plaintiff has sent two cease-and-desist letters to Defendant, however Defendant's unlawful conduct continues to this date.

67. Defendant's conduct has in the past, and will in the future, cause harm to Plaintiff's reputation and goodwill.

68. Defendants continued misrepresentations as an owner/affiliate with Plaintiff's company, including attempts to control the hiring process, filings with official agencies, and harassment of Plaintiff's employees, amounting to wrongful conduct, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiff as Plaintiff's employees will continue to be harassed by Defendant and Plaintiff will continue wasting time, money, and resources on

handling the consequences of Defendant's actions, including contacting relevant agencies and companies to disable Defendant's filings and affiliations with Plaintiff's company.

69. Plaintiff has no adequate remedy at law for the injuries Defendant has in the past and will in the future cause an award of monetary damages would not protect or restore damage to Plaintiff's premises, goodwill, reputation, brand, business operation, and relations with its members and employees, which are not monetary in nature

70. As such, Plaintiff seeks an order from this Court permanently enjoining Defendants, and each of them, from:

    a. Representing themselves to be employees, owners, managers, representatives, or otherwise affiliated with Plaintiff and its brand names;

    b. Impersonating Plaintiff's employees;

    c. Contacting Plaintiff's employees, vendors, and members for any reasons;

    d. Taking any action to hire, terminate or take any actions with respect to employees or prospective employees;

    e. Attempting to cancel Plaintiff's members' memberships with Plaintiff;

    f. Continuing to operate any business under the names "LA Fitness," "Fitness International," "Pro Results," or other names that are the same or confusingly similar to Plaintiff's trademarks;

    g. Continuing Defendant Alspaugh's registration of the business "Leah Alspaugh LA Fitness LCC" or creating further registrations under the same or similar names that are confusingly similar to Plaintiff's trademarks;

    i. Continuing to maintain, or obtaining any new, Federal employer tax identification number with the name "Leah Alspaugh Fitness

International", or any name that is confusingly similar to Plaintiff's trade names;

 j. Registering with any federal or state governmental agency any business name, trade name or trademark that is confusingly similar to Plaintiff's business names, trade names and trademarks;

 k. Maintaining any registration with any state or federal governmental agency business name, trade name or trademark that is confusingly similar to Plaintiff's business names, trade names and trademarks

 l. Using email addresses to correspond as with Plaintiff's affiliation; and

 m. Creating any email that represents herself to be an owner of LA Fitness or Fitness International, LLC, or Pro Result.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1. For a preliminary injunction, and a permanent injunction, enjoining Defendants LEAH ALSPAUGH and Does 1 through 50, and each of them, from:

 a. Representing themselves to be employees, owners, managers, representatives, or otherwise affiliated with Plaintiff and its brand names;

 b. Impersonating Plaintiff's employees;

 c. Contacting Plaintiff's employees, vendors and members for any reasons;

 d. Taking any action to hire, terminate or take any actions with respect to employees or prospective employees;

 e. Attempting to cancel Plaintiff's members' memberships with Plaintiff.

 f. Continuing to operate business under the names "LA Fitness," "Fitness International," "Pro Results," or other names that are the same or confusingly similar to Plaintiff's trademarks;

      g.    Continuing Defendant Alspaugh's registration of the business "Leah Alspaugh LA Fitness LCC" or creating further registrations under the same or similar names that are confusingly similar to Plaintiff's trademarks;

      i.    Continuing to maintain, or obtaining any new, Federal employer tax id number with the name "Leah Alspaugh Fitness International", or any name that is confusingly similar to Plaintiff's trade names;

      j.    Registering with any federal or state governmental agency any business name, trade name or trademark that is confusingly similar to Plaintiff's business names, trade names and trademarks;

      k.    maintaining any registration with any state or federal governmental agency business name, trade name or trademark that is confusingly similar to Plaintiff's business names, trade names and trademarks

      l.    Using email addresses to correspond as with Plaintiff's affiliation; and

      m.    Creating any email that represents herself to be an owner of LA Fitness or Fitness International, LLC, or Pro Results.

2. For all special damages in an amount to be proven at trial;

3. For Defendants' profits according to proof;

4. For punitive or exemplary damages;

5. For general damages in an amount to be proven at trial;

6. For costs of suit incurred herein, including reasonable attorneys' fees; and

7. For such other and further relief as the court deems proper.

DATED: October 3, 2022                YOKA | SMITH, LLP

By:_____
ALICE CHEN SMITH
CHRISTINE C. DE METRUIS
Attorneys for Plaintiff, FITNESS INTERNATIONAL, LLC

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial in the instant action on all stated claims for relief.

DATED: October 3, 2022                         YOKA | SMITH, LLP

                                               BY:_____
                                               ALICE CHEN SMITH
                                               CHRISTINE C. DE METRUIS
                                               Attorneys for Plaintiff, FITNESS
                                               INTERNATIONAL, LLC