1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**F I L E D**
CLERK, U.S. DISTRICT COURT

05/04/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ kdu _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FITNESS INTERNATIONAL, LLC, <br> Plaintiff, <br> vs. <br> LEAH ALSPAUGH and DOES 1 TO 50, Inclusive, <br> Defendants. | Case No. 8:22-cv-01800-DOC-DFM <br><br> **JURY INSTRUCTIONS** <br><br> Complaint Filed:  October 3, 2022 <br> Final Status Conf:  April 17, 2023 <br> Trial Date:  May 2, 2023 |

# INDEX OF JURY INSTRUCTIONS

| No. | Title | Source[1] |
|-----|-------|-----------|
| 1 | Duty of Jury | 1.4 |
| 2 | Claims and Defenses | 1.5 |
| 3 | Burden of Proof – Preponderance of the Evidence | 1.6 |
| 4 | Burden of Proof – Clear and Convincing Evidence | 1.7 |
| 5 | What is Evidence | 1.9 |
| 6 | What is Not Evidence | 1.10 |
| 7 | Evidence for Limited Purpose | 1.11 |
| 8 | Direct and Circumstantial Evidence | 1.12 |
| 9 | Ruling on Objections | 1.13 |
| 10 | Credibility of Witnesses | 1.14 |
| 11 | Self-Represented Parties | 1.22 |
| 12 | Nonperson Party | CACI 104 |
| 13 | Statements of a Party Opponent | CACI 212 |
| 14 | Stipulations of Fact | 2.2 |
| 15 | Evidence in Electronic Format | 2.16 |
| 16 | Preliminary Instruction – Trademark | 15.1 |
| 17 | Definition – Trademark | 15.2 |
| 18 | Definition – Trade Name/Commercial Name | 15.4 |
| 19 | Trademark Liability – Theories and Policies | 15.5 |
| 20 | Infringement – Elements and Burden of Proof - | 15.6 |

[1] Unless otherwise specified, Ninth Circuit Manual of Model Civil Jury Instructions (2017 Ed., Rev. 12/2022).

| No. | Title | Source[1] |
|-----|-------|-----------|
|  | Trademark |  |
| 21 | Infringement – Elements – Presumed Validity and Ownership – Registered Trademark | 15.8 |
| 22 | Infringement – Elements – Ownership – Generally | 15.13 |
| 23 | Infringement – Likelihood of Confusion – *Sleekcraft* Test | 15.18 |
| 24 | Special Instruction No. 1 – Federal Unfair Competition (15 U.S.C. 1125(a)(1)(A)) | 15 U.S.C. 1125(a)(1)(A); 90 Am. Jury Proof of Facts 3d 95 |
| 25 | Trademark Damages – Plaintiff's Actual Damages | 15.27 |
| 26 | Intentional Misrepresentation | CACI 1900 |
| 27 | Misrepresentations Made to Persons Other Than the Plaintiff | CACI 1906 |
| 28 | Reliance | CACI 1907 |
| 29 | Reasonable Reliance | CACI 1908 |
| 30 | Damages – "Out of Pocket" Rule | CACI 1923 |
| 31 | Intentional Interference With Contractual Relations – Essential Factual Elements | CACI 2201 |
| 32 | Intentional Interference With Prospective Economic Relations – Essential Factual Elements | CACI 2202 |
| 33 | Punitive Damages – Individual Defendant – Trial Not Bifurcated | CACI 3940 |

| No. | Title | Source[1] |
|-----|-------|-----------|
| 34 | Duty to Deliberate | 3.1 |
| 35 | Consideration of Evidence – Conduct of the Jury | 3.2 |
| 36 | Communication with Court | 3.3 |
| 37 | Return of Verdict | 3.5 |

## INSTRUCTION NO. 1
### 1.4 – DUTY OF JURY
**(Court Reads and Provides Written**

**Instructions at End of Case)**

Members of the jury:  Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**INSTRUCTION NO. 2**

**1.5 – CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Fitness International, LLC, owns and operates sports and fitness clubs throughout North America under the trade name LA Fitness, among others. Fitness International, LLC also offers personal training services under the trade name Pro Results. Fitness International, LLC alleges that it is the owner of federally registered trademarks "L.A. Fitness," "LA Fitness", and "Pro Results."

Defendant Leah Alspaugh is a former employee of Fitness International, LLC, who has not worked for Fitness International, LLC since approximately 2011. Fitness International, LLC alleges defendant Leah Alspaugh infringes on Fitness International, LLC's federally registered trademarks, and further began using its trade names LA Fitness and Fitness International, in a manner that is likely to cause confusion amongst its members, employees, third-party business affiliates, and ordinary consumers.

Fitness International, LLC further contends that defendant Leah Alspaugh further engaged in fraudulent conduct with the intent to harm Fitness International, LLC's business, including falsely claiming to be the owner of Fitness International, LLC's sports and fitness clubs, harassing its employees, attempting to hire and fire employees, terminate membership agreements, filing documents with federal and state agencies under the name LA Fitness and/or Fitness International, attempting to access Fitness International's bank accounts, opening up a bank account under the name "LA Fitness LLC" and attempting to induce Fitness International LLC employees to deposit funds into her account, and trespassing onto Fitness International, LLC properties, amongst other activities.

Defendant Leah Alspaugh denies these allegations, and contends she is the actual owner of "LA Fitness LLC" and the fitness facilities that are operated under the name "LA Fitness".

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INSTRUCTION NO. 3

## <u>1.6 – BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE</u>

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## INSTRUCTION NO. 4

### 1.7 – BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

## INSTRUCTION NO. 5
### <u>1.9 – WHAT IS EVIDENCE</u>

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits that are admitted into evidence;

3.  any facts to which the lawyers have agreed; and

4.  any facts that I [may instruct] [have instructed] you to accept as proved.

## INSTRUCTION NO. 6
### 1.10 – WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered. In addition some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)     Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## INSTRUCTION NO. 7

### 1.11 – EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

## INSTRUCTION NO. 8
## 1.12 – DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

## INSTRUCTION NO. 9

### 1.13 – RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**INSTRUCTION NO. 10**

**1.14 – CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

    (1)    the opportunity and ability of the witness to see or hear or know the things testified to;

    (2)    the witness's memory;

    (3)    the witness's manner while testifying;

    (4)    the witness's interest in the outcome of the case, if any;

    (5)    the witness's bias or prejudice, if any;

    (6)    whether other evidence contradicted the witness's testimony;

    (7)    the reasonableness of the witness's testimony in light of all the evidence; and

    (8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses

1   were, and how much weight you think their testimony deserves.

## INSTRUCTION NO. 11

### <u>1.22 – SELF-REPRESENTED PARTY</u>

Leah Alspaugh is representing herself in this trial. This fact must not affect your consideration of the case. Self-represented parties and parties represented by an attorney are entitled to the same fair consideration.

Because Leah Alspaugh is acting as her own lawyer, you have heard her speak at various times during the trial. She may have made an opening statement and closing argument and may have asked questions of witnesses, made objections, and argued legal issues to the court. I want to remind you that when Leah Alspaugh has spoken in these parts of the trial, she was acting as her own advocate, and her words are not evidence. The only evidence in this case comes from witnesses who testified under oath on the witness stand or by deposition and from exhibits that were admitted into evidence. When a self-represented party testifies, you should treat this testimony just as you would the testimony of any other witness.

**INSTRUCTION NO. 12**

**CACI 104 – NONPERSON PARTY**

A limited liability company, Fitness International, LLC, is a party in this lawsuit. Fitness International, LLC is entitled to the same fair and impartial treatment that you would give to an individual. You must decide this case with the same fairness that you would use if you were deciding the case between individuals.

When I use words like "person" or "he" or "she" in these instructions to refer to a party, those instructions also apply to Fitness International, LLC.

## INSTRUCTION NO. 13

## <u>CACI 212 – STATEMENTS OF A PARTY OPPONENT</u>

A party may offer into evidence any oral or written statement made by an opposing party outside the courtroom.

When you evaluate evidence of such a statement, you must consider these questions:

1. Do you believe that the party actually made the statement? If you do not believe that the party made the statement, you may not consider the statement at all.

2. If you believe that the statement was made, do you believe it was reported accurately?

You should view testimony about an oral statement made by a party outside the courtroom with caution.

## INSTRUCTION NO. 14

## <u>2.2  STIPULATIONS OF FACT</u>

The parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved.   These facts are as follows:

1.  Alspaugh registered the business LA Fitness LLC

2.  Alspaugh has a Federal Tax ID number under the name Fitness International

3.  That in 2022 Alspaugh used the email address proresults2022@yahoo.com

4.  That in 2022 Alspaugh used the email address proresults1871731@yahoo.com

5.  That in 2022 Alspaugh used the email address proresults411@yahoo.com

6.  That in 2023 Alspaugh use the email address proresults411@gmail.com

7.  That on or about November 15, 2022, Alspaugh filed a Complaint entitled *LA Fitness, Leah Alspaugh v. Fitness International, LLC*, Los Angeles Superior Court case no. 22STCV36005

8.  That on or about January 11, 2023, Alspaugh filed a First Amended Complaint entitled *LA Fitness v. Fitness International, LLC, Esporta Fitness*, Los Angeles Superior Court case no. 22STCV36005

9.  That on or about January 5, 2023, Alspaugh filed a Petition for Workplace Violence Restraining Order as "LA Fitness" against Alexandra Garcia

10.  That in or around January/February 2023, Alspaugh contacted Ron Larrieu of Penn Corporate Relocation Services regarding moving furniture from Fitness' corporate offices to another location

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INSTRUCTION NO. 15
### <u>2.16 - EVIDENCE IN ELECTRONIC FORMAT</u>

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the clerk. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such

1   materials, you must inform the court immediately and refrain from viewing such

2   materials. Do not remove the computer or any electronic data from the jury room, and

3   do not copy any such data.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INSTRUCTION NO. 16

### 15.1 – PRELIMINARY INSTRUCTION – TRADEMARK

The plaintiff, Fitness International, LLC, seeks damages against the defendant, Leah Alspaugh, for trademark infringement and unfair competition. The defendant denies infringing the trademarks and unfairly competing. To help you understand the evidence that will be presented in this case, I will explain some of the legal terms you will hear during this trial.

### DEFINITION AND FUNCTION OF A TRADEMARK

A trademark is a word, name, symbol, or device, or any combination of these items that indicates the source of goods. The owner or assignee of a trademark has the right to exclude others from using that trademark or a similar mark that is likely to cause confusion in the marketplace. The main function of a trademark is to identify and distinguish goods or services as the product of a particular manufacturer or merchant and to protect its goodwill.

### TRADEMARK REGISTRATION

After the owner of a trademark has obtained the right to exclude others from using the trademark, the owner may obtain a certificate of registration issued by the United States Patent and Trademark Office. Thereafter, when the owner brings an action for infringement, the owner may rely solely on the registration certificate to prove that the owner has the right to exclude others from using the trademark or a similar mark that is likely to cause confusion in the marketplace in connection with the type of goods specified in the certificate. These presumptions in favor of the owner created by the certificate of registration can be overcome or rebutted only by certain types of evidence that I will describe to you later as appropriate.

### LIKELIHOOD OF CONFUSION

To prove infringement, the plaintiff must prove, by a preponderance of the evidence, that the defendant, without the plaintiff's consent, used in commerce a reproduction, copy, counterfeit or colorable imitation of plaintiff's mark in connection

with the distribution or advertisement of goods, such that the defendant's use of the mark is likely to cause confusion as to the source of the goods. It is not necessary that the mark used by the defendant be an exact copy of the plaintiff's mark. Rather, the plaintiff must demonstrate that, viewed in its entirety, the mark used by the defendant is likely to cause confusion in the minds of reasonably prudent purchasers or users as to the source of the product in question.

### THE PLAINTIFF'S BURDEN OF PROOF

In this case, the plaintiff, Fitness International, LLC contends that the defendant, Leah Alspaugh, has infringed the plaintiff's trademarks. The plaintiff has the burden of proving by a preponderance of the evidence that the plaintiff is the owner of a valid trademark and that the defendant infringed that trademark. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the defendant infringed the plaintiff's trademark.

# INSTRUCTION NO. 17

## 15.2 – DEFINITION – TRADEMARK (15 U.S.C. § 1127)

A trademark is any word, name, symbol, device, or any combination thereof, used by a person to identify and distinguish that person's goods from those of others and to indicate the source of the goods, even if that source is generally unknown.

A person who uses the trademark of another may be liable for damages.

# INSTRUCTION NO. 18
## 15.4 – DEFINITION – TRADE NAME/COMMERCIAL NAME
### (15 U.S.C. § 1127)

A trade name is any word or words, a symbol, or combination of words and symbol, used by a person to identify that person's business and to distinguish it from the business of others. A trade name symbolizes the reputation of a person's business as a whole.

Any person who uses the trade name of another may be liable for damages.

If a person owns a trade name, then that person has the exclusive right to use the name or to control the use of confusingly similar variations of the name by others in the market.

**INSTRUCTION NO. 19**

**15.5– TRADEMARK LIABILITY – THEORIES AND POLICIES**

**(15 U.S.C. §§ 1114(1), 1125(a)**

The trademark laws balance three often-conflicting goals: (1) protecting the public from being misled about the nature and source of goods and services, so that the consumer is not confused or misled in the market; (2) protecting the rights of a business to identify itself to the public and its reputation in offering goods and services to the public; and (3) protecting the public interest in fair competition in the market.

The balance of these policy objectives vary from case to case, because they may often conflict. Accordingly, each case must be decided by examining its specific facts and circumstances, of which you are to judge.

In these instructions, I will identify types of facts you are to consider in deciding if the defendant is liable to the plaintiff for violating the trademark law. These facts are relevant to whether the defendant is liable for:

1.    infringing plaintiff's registered trademark rights, by using a trademark in a manner likely to cause confusion among consumers;

2.    unfairly competing, by using a trademark in a manner likely to cause confusion as to the origin or quality of plaintiff's goods;

3.    unfairly competing, by using trade dress in a manner likely to cause confusion as to the origin or quality of plaintiff's goods;

4.     infringing plaintiff's trade name, by using similar corporate, business or professional names in a manner likely to cause confusion about the source of products in the minds of consumers; and

5.    false advertising, by making a false statement that was material and that tended to deceive consumers, injuring the plaintiff in the market.

**INSTRUCTION NO. 20**

**15.6– INFRINGEMENT –**

**ELEMENTS AND BURDEN OF PROOF – TRADEMARK**

**(15 U.S.C. §§ 1114(1))**

On the plaintiff, Fitness International, LLC's claim for trademark infringement, Fitness International, LLC has the burden of proving each of the following elements by a preponderance of the evidence:

> 1.   L.A. Fitness, LA Fitness, and/or Pro Results are valid, protectable trademarks;
>
> 2.   Fitness International, LLC owns L.A. Fitness, LA Fitness, and/or Pro Results as trademarks; and
>
> 3.   Defendant, Leah Alspaugh used L.A. Fitness, LA Fitness and/or Pro Results, or marks similar to L.A. Fitness, LA Fitness and/or Pro Results, without the consent of plaintiff Fitness International, LLC, in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

**INSTRUCTION NO. 21**

**15.8– INFRINGEMENT – ELEMENTS – PRESUMED VALIDITY AND**

**OWNERSHIP – REGISTERED TRADEMARK**

**(15 U.S.C. §§ 1057, 1065, AND 1115)**

I gave you instruction number 20 that requires the plaintiff to prove by a preponderance of the evidence that the trademark is valid and protectable and that the plaintiff owns the trademark. A valid trademark is a word, name, symbol, device, or any combination of these, that indicates the source of goods and distinguishes those goods from the goods of others. A trademark becomes protectable after it is used in commerce.

One way for the plaintiff to prove trademark validity is to show that the trademark is registered. An owner of a trademark may obtain a certificate of registration issued by the United States Patent and Trademark Office and may submit that certificate as evidence of the validity and protectability of the trademark and of the certificate holder's ownership of the trademark] covered by that certificate.

Exhibits 1 through 4 are certificates of registration from the United States Patent and Trademark Office. They were submitted by the plaintiff as proof of the validity of the trademarks and that the plaintiff owns the trademarks.

The facts recited in the certificates are:

(1) that Fitness International, LLC is the owner of the trademark LA Fitness as used in connection with health club services, that the mark was first used in commerce on April 1, 1989, that the trademark was first registered with the United States Patent and Trademark Office on March 7, 2000 and was renewed for a term of 10 years from March 7, 2020. The federal registration number for this trademark is 2,326,358.

(2) that Fitness International, LLC is the owner of the trademark LA Fitness as used in connection with clothing and apparel, that the mark was first used in commerce on June 9, 2014, and that the trademark was first registered

on March 6, 2018 for a term of 10 years.  The federal registration number for this trademark is 5,418,503.

(3)  that Fitness International, LLC is the owner of the trademark L.A. Fitness as used in connection with health club services, that the mark was first used in commerce on April 1, 1989, that the trademark was first registered with the United States Patent and Trademark Office on November 23, 1993, and was renewed for a term of 10 years from November 23, 2013. The federal registration number for this trademark is 1,806,464.

(4)  that LA Fitness International, LLC is the owner of the trademark Pro Results as used in connection with health club services, physical fitness consultation, and apparel, that the mark was first used in commerce on November 6, 2001, that the trademark was first registered with the United States Patent and Trademark Office on July 20, 2004, and was renewed for a term of 10 years from July 20, 2014. The federal registration number for this trademark is 2,865,591.

You must consider the trademark to be conclusively proved as valid and owned by the plaintiff.

# INSTRUCTION NO. 22

## <u>15.13– INFRINGEMENT – ELEMENTS – OWNERSHIP – GENERALLY</u>

The law entitles the trademark owner to exclude others from using that trademark. A person acquires the right to exclude others from using a trademark by being the first to use lawfully it in the marketplace or by lawfully using it before the alleged infringer. A person also acquires the right to exclude others from using a trademark if industry or public usage creates, for a majority of consumers, an association between the person and the mark prior to the alleged infringer's use.

If you find the plaintiff's L.A. Fitness, LA Fitness, and/or Pro Results trademarks to be valid, that is, inherently distinctive, you must consider whether the plaintiff used L.A. Fitness, LA Fitness, and/or Pro Results as a trademark for plaintiff's fitness club business before the defendant began to use L.A. Fitness, LA Fitness, and/or Pro Results to market herself and her business in the areas where the plaintiff operates its fitness clubs.

A trademark is "used" for purposes of this instruction when it is transported or sold in commerce and the trademark is attached to the product, or placed on its label or container, or if that is not practical, placed on documents associated with the goods or their sale.

If the plaintiff has not shown by a preponderance of the evidence that the plaintiff used L.A. Fitness, LA Fitness, and/or Pro Results before the defendant's use of L.A. Fitness, LA Fitness, and/or Pro Results, then you cannot conclude that the plaintiff is the owner of the trademark for purposes of Instruction No. 21.

**INSTRUCTION NO. 23**

**15.18– INFRINGEMENT – LIKELIHOOD OF CONFUSION –**

**FACTORS – _SLEEKCRAFT_ TEST –**

**(15 U.S.C. §§ 1114(1) AND 1125(a))**

You must consider whether the defendant's use of the trademark is likely to cause confusion about the source of the plaintiff's or the defendant's goods.

I will suggest some factors you should consider in deciding this. The presence or absence of any particular factor that I suggest should not necessarily resolve whether there was a likelihood of confusion, because you must consider all relevant evidence in determining this. As you consider the likelihood of confusion you should examine the following:

(1)    Strength or Weakness of the Plaintiff's Mark. The more the consuming public recognizes the plaintiff's trademark as an indication of origin of the plaintiff's goods, the more likely it is that consumers would be confused about the source of the defendant's goods if the defendant uses a similar mark.

(2)    Defendant's Use of the Mark. If the defendant and plaintiff use their trademarks on the same, related, or complementary kinds of goods there may be a greater likelihood of confusion about the source of the goods than otherwise.

(3)    Similarity of Plaintiff's and Defendant's Marks. If the overall impression created by the plaintiff's trademark in the marketplace is similar to that created by the defendant's trademark in appearance and sound, and, there is a greater chance that consumers are likely to be confused by defendant's use of a mark. Similarities in appearance, sound or meaning weigh more   heavily than differences in finding the marks are similar.

(4)    Actual Confusion. If use by the defendant of the plaintiff's trademark

has led to instances of actual confusion, this strongly suggests a likelihood of confusion. However actual confusion is not required for a finding of likelihood of confusion. Even if actual confusion did not occur, the defendant's use of the trademark may still be likely to cause confusion. As you consider whether the trademark used by the defendant creates for consumers a likelihood of confusion with the plaintiff's trademark, you should weigh any instances of actual confusion against the opportunities for such confusion. If the instances of actual confusion have been relatively frequent, you may find that there has been substantial actual confusion. If, by contrast, there is a very large volume of sales, but only a few isolated instances of actual confusion you may find that there has not been substantial actual confusion.

(5)     Defendant's Intent. Knowing use by defendant of the plaintiff's trademark to identify similar goods may strongly show an intent to derive benefit from the reputation of the plaintiff's mark, suggesting an intent to cause a likelihood of confusion. On the other hand, even in the absence of proof that the defendant acted knowingly, the use of plaintiff's trademark to identify similar goods may indicate a likelihood of confusion.

(6)     Marketing/Advertising Channels. If the plaintiff's and defendant's services are likely to be sold in the same or similar stores or outlets, or advertised in similar media, this may increase the likelihood of confusion.

(7)     Consumer's Degree of Care. The more sophisticated the potential buyers of the goods or the more costly the goods, the more careful and discriminating the reasonably prudent purchaser exercising ordinary caution may be. They may be less likely to be confused by similarities in the plaintiff's and defendant's trademarks.

(8)   Product Line Expansion. When the parties' products differ, you may consider how likely the plaintiff is to begin selling the products for which the defendant is using the plaintiff's trademark. If there is a strong possibility of expanding into the other party's market, there is a greater likelihood of confusion.

## INSTRUCTION NO. 24

### Special Jury Instruction No. 1 - UNFAIR COMPETITION

### (15 U.S.C. § 1125(a)(1)(A))

Plaintiff Fitness International, LLC, has alleged that defendant Leah Alspaugh has engaged in unfair competition.  To establish a claim for unfair competition, plaintiff must prove by a preponderance of evidence the following:

1. That defendant used in commerce any word, term, or name, or any combination thereof, or any false designation of origin, or any false or misleading description or representation of fact;

2. Defendant's use of such word, term, or name, or any combination thereof, false designation or origin, and/or false or misleading description or representation of fact has caused and is likely to cause in the future confusion as to defendant's affiliation, connection, or association with plaintiff, or the approval by plaintiff of defendant's goods, services or commercial activities.

**INSTRUCTION NO. 25**

**15.27– TRADEMARK DAMAGES – PLAINTIFF'S ACTUAL DAMAGES**

**(15 U.S.C. § 1117(a))**

If you find for the plaintiff on the plaintiff's infringement and/or unfair competition claims, and find that the defendant had statutory notice or actual notice of the plaintiff's registered trademark, you must determine the plaintiff's actual damages.

The plaintiff has the burden of proving actual damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury and/or property damage you find was caused by the defendant's infringement of the plaintiff's registered trademark.

You should consider the following:

1.    The injury to or loss of the plaintiff's reputation;

2.    The injury to or loss of plaintiff's goodwill, including injury to the plaintiff's general business reputation;

3.    The lost profits that the plaintiff would have earned but for the defendant's infringement. Profit is determined by deducting all expenses from gross revenue;

4.    The expense of preventing customers from being deceived;

5.    The cost of future corrective advertising reasonably required to correct any public confusion caused by the infringement; and

6.    The cost of other future corrective action reasonably required to correct any public confusion caused by the infringement.

When considering prospective costs (e.g., cost of future advertising, expense of preventing customers from being deceived), you must not overcompensate. Accordingly, your award of such future costs should not exceed the actual damage to the value of the plaintiff's mark at the time of the infringement by the defendant.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 26**

**CACI 1900 – INTENTIONAL MISREPRESENTATION**

Fitness International, LLC claims that Leah Alspaugh made a false representation that harmed it. To establish this claim, Fitness International, LLC must prove all of the following:

1. That Leah Alspaugh represented to Fitness International, LLC and/or third parties that a fact was true;

2. That Leah Alspaugh's representation was false;

3. That Leah Alspaugh knew that the representation was false when she made it, or that she made the representation recklessly and without regard for its truth;

4. That Leah Alspaugh intended that Fitness International, LLC and/or third parties rely on the representation;

5. That Fitness International, LLC and/or third parties reasonably relied on Leah Alspaugh's representation;

6. That Fitness International, LLC was harmed; and

7. That Fitness International's and/or the third parties' reliance on Leah Alspaugh's representation was a substantial factor in causing its harm.

**INSTRUCTION NO. 27**

**CACI 1906 – MISREPRESENTATIONS MADE TO PERSONS OTHER THAN**

**THE PLAINTIFF**

Leah Alspaugh is responsible for a representation that was not made directly to Fitness International, LLC if she made the representation to another person, intending or reasonably expecting that it would be repeated to Fitness International, LLC.

## INSTRUCTION NO. 28
## <u>CACI 1907 – RELIANCE</u>

Fitness International LLC and/or third parties relied on Leah Alspaugh's misrepresentations if:

1. The misrepresentation substantially influenced it to take action, including without limitation, the IRS issuance of an Employer Identification Number to "Leah Alspaugh Fitness International"; the IRS taking steps to change Fitness International LLC's power of attorney to include Leah Alspaugh; the California Secretary of State changing Fitness International, LLC's agent for service of process, causing lawsuits to be served on the incorrect entity; the California Secretary of State registering LA Fitness LLC as a separate entity; California State Courts to conduct hearings on Leah Alspaugh's petition for a temporary restraining order as "LA Fitness LLC"; renting office space; filing an insurance claim on behalf of Pro Results; opening up a bank account on behalf of LA Fitness LLC ; and

2. It would probably not have engaged in such activity without the defendant's misrepresentation.

It is not necessary for a misrepresentation to be the only reason for Fitness International's and/or the third parties' conduct.

**INSTRUCTION NO. 29**

**CACI 1908 – REASONABLE RELIANCE**

In determining whether Fitness International, LLC's and/or the third parties' reliance on the misrepresentation was reasonable, it must first prove that the matter was material. A matter is material if a reasonable person would find it important in deciding what to do.

If you decide that the matter is material, you must then decide whether it was reasonable for Fitness International, LLC and/or the third parties to rely on the misrepresentation. In making this decision, take into Fitness International, LLC's and/or the third parties' intelligence, knowledge, education, and experience.

However, it is not reasonable for anyone to rely on a misrepresentation that is preposterous. It also is not reasonable for anyone to rely on a misrepresentation if facts that are within his, her, or its observation show that it is obviously false.

## INSTRUCTION NO. 30
## <u>CACI 1923 – DAMAGES – "OUT OF POCKET" RULE</u>

If you decide that Fitness International, LLC has proved its claim against Leah Alspaugh, you also must decide how much money will reasonably compensate Fitness International, LLC for the harm. This compensation is called "damages."

The amount of damages must include an award for all harm that Leah Alspaugh was a substantial factor in causing, even if the particular harm could not have been anticipated.

Fitness International, LLC must prove the amount of its damages. However, Fitness International, LLC does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

To decide the amount of damages you must determine the value of what Fitness International, LLC gave and subtract from that amount the value of what it received.

Fitness International, LLC may also recover amounts that it reasonably spent in reliance on Leah Alspaugh's false representation if those amounts would not otherwise have been spent.

# INSTRUCTION NO. 31
## CACI 2201– INTENTIONAL INTERFERENCE WITH
## CONTRACTUAL RELATIONS –
## ESSENTIAL FACTUAL ELEMENTS

Fitness International, LLC claims that Leah Alspaugh intentionally interfered with the contract between it and its members, employees, landlords, agent for service of process, and third-party vendors. To establish this claim, Fitness International, LLC must prove all of the following:

1. That there was a contract between Fitness International, LLC and its members, employees, landlords, agent for service of process, and third-party vendors;

2. That Leah Alspaugh knew of the contract;

3. That Leah Alspaugh's conduct prevented performance or made performance more expensive or difficult;

4. That Leah Alspaugh intended to disrupt the performance of this contract;

5. That Fitness International, LLC was harmed; and

6. That Leah Alspaugh's conduct was a substantial factor in causing Fitness International, LLC's harm.

**INSTRUCTION NO. 32**

**CACI 2202 – INTENTIONAL INTERFERENCE WITH**

**PROSPECTIVE ECONOMIC RELATIONS –**

**ESSENTIAL FACTUAL ELEMENTS**

Fitness International, LLC claims that Leah Alspaugh intentionally interfered with an economic relationship between it and its members, landlords, and third-party vendors, that probably would have resulted in an economic benefit to Fitness International, LLC. To establish this claim, Fitness International, LLC must prove all of the following:

1. That Fitness International, LLC and its members, landlords, and third-party vendors were in an economic relationship that probably would have resulted in an economic benefit to Fitness International, LLC;

2. That Leah Alspaugh knew of the relationship;

3. That Leah Alspaugh engaged in misrepresentation of her affiliation with LA Fitness;

4. That by engaging in this conduct, Leah Alspaugh [intended to disrupt the relationship/ [or] knew that disruption of the relationship was certain or substantially certain to occur];

5. That the relationship was disrupted;

6. That Fitness International, LLC was harmed; and

7. That Leah Alspaugh's conduct was a substantial factor in causing Fitness International LLC's harm.

**INSTRUCTION NO. 33**

**3940 – PUNITIVE DAMAGES – INDIVIDUAL DEFENDANT –**
**TRIAL NOT BIFURCATED**

If you decide that Leah Alspaugh's conduct caused Fitness International, LLC's harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages only if Fitness International, LLC proves by clear and convincing evidence that Leah Alspaugh  engaged in that conduct with malice, oppression, or fraud.

"Malice" means that Leah Alspaugh acted with intent to cause injury or that Leah Alspaugh's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when the person is aware of the probable dangerous consequences of the person's conduct and deliberately fails to avoid those consequences.

"Oppression" means that Leah Alspaugh's conduct was despicable and subjected Fitness International, LLC to cruel and unjust hardship in knowing disregard of its rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Leah Alspaugh intentionally misrepresented or concealed a material fact and did so intending to harm Fitness International, LLC.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a) How reprehensible was Leah Alspaugh's conduct? In deciding how reprehensible Leah Alspaugh's conduct was, you may consider, among other factors:

1. Whether the conduct caused physical harm;

2. Whether Leah Alspaugh disregarded the health or safety of others;

3. Whether Fitness International, LLC was financially weak or vulnerable and Leah Alspaugh knew Fitness International, LLC was financially weak or vulnerable and took advantage of it;

4. Whether Leah Alspaugh's conduct involved a pattern or practice; and

5. Whether Leah Alspaugh acted with trickery or deceit.

(b) Is there a reasonable relationship between the amount of punitive damages and Fitness International, LLC's harm [or between the amount of punitive damages and potential harm to Fitness International, LLC that Leah Alspaugh knew was likely to occur because of her conduct?

(c) In view of Leah Alspaugh's financial condition, what amount is necessary to punish her and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because Leah Alspaugh has substantial financial resources.

## INSTRUCTION NO. 34
### 3.1 – DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## INSTRUCTION NO. 35

### 3.2 – CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or

hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

## INSTRUCTION NO. 36

### 3.3 – COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

### INSTRUCTION NO. 37
### 3.5 – RETURN OF VERDICT

A verdict form has been prepared for you. [*Explain verdict form as needed.*] After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.