JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FITNESS INTERNATIONAL, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> LEAH ALSPAUGH and DOES 1 TO 50, Inclusive, <br><br> Defendants. | Case No. 8:22-cv-01800-DOC-DFM <br><br> **JUDGMENT ON SPECIAL VERDICT** <br><br> Complaint Filed:  October 3, 2022 <br> Final Status Conf: April 17, 2023 <br> Trial Date:        May 2, 2023 |

    This case came on regularly for Jury Trial on May 2, 2023 in Department "10A" of the United States District Court, Central District of California, the Honorable David O. Carter, Judge presiding. The plaintiff, FITNESS INTERNATIONAL, LLC, appearing through Alice Smith, Esq. and Christine DeMetruis, Esq., and defendant, LEAH ALSPAUGH appearing *in propria persona*.

    A jury of six jurors and two alternates were regularly impaneled and sworn/acknowledged and agreed to try the case. Witnesses were sworn and testified.

After hearing the evidence and argument of counsel, the jury was instructed by the Court, and the case was submitted to the jury with directions to return a special verdict. The jury deliberated and, thereafter, returned to Court with its special verdict and the answers given thereto by the jury, which verdict was in words as follows, to wit:

We the jury answer the questions as follows:

## TRADEMARK INFRINGEMENT

### L.A. FITNESS Mark

1. Is one or more of the "L.A. Fitness", "LA Fitness" and "Pro Results" marks valid, protectable trademarks?

   Yes  __X__

   No   _____

   *If your answer is Yes, go to Question 2.*

   *If your answer is No, go to Question 4.*

2. Does FITNESS INTERNATIONAL, LLC own the "L.A. Fitness", "LA Fitness" and "Pro Results" marks?

   Yes  __X__

   No   _____

   *If your answer is Yes, go to Question 3.*

   *If your answer is No, go to Question 4.*

3. Did LEAH ALSPAUGH use one or more of the "L.A. Fitness", "LA Fitness" and "Pro Results" marks, or a similar mark, without FITNESS INTERNATIONAL, LLC's consent in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the services?

        Yes   __X__

        No   _____

        *Go to Question 4.*

4. Did FITNESS INTERNATIONAL, LLC suffer damages as a result of LEAH ALSPAUGH's infringement of its trademark(s)?

        Yes   __X__

        No   _____

        *Go to Question 12.*

5. Is FITNESS INTERNATIONAL, LLC likely to suffer damages in the future as a result of LEAH ALSPAUGH's infringement of its trademark(s)?

        Yes   __X__

        No   _____

        *Go to Question 6.*

6. If you answered Yes to Question 4 and/or 5, enter the amount of FITNESS INTERNATIONAL, LLC's damages:

        Past Damages:   $__100,000_____

        Future Damages:   $__100,000_____

        *Go to Question 7.*

## **FEDERAL UNFAIR COMPETITION**

7. Did LEAH ALSPAUGH use in commerce a false designation of the origin of LA Fitness LLC's services?

        Yes   __X__

        No   _____

*If your answer is Yes, go to Question 8.*
*If your answer is No, go to Question 10.*

8. Was the false designation(s) of origin likely to cause confusion, mistake or deception as to the affiliation, connmection, or association of of LA Fitness LLC with FITNESS INTERNATIONAL, LLC and/or LA Fitness, or as to the origin, sponsorship or approval of LA Fitness LLC's services, or commercial activities by FITNESS INTERNATIONAL, LLC and/or LA Fitness?

   Yes  __X__
   No   _____

*If your answer is Yes, go to Question 9.*
*If your answer is No, go to Question 10.*

9. Was FITNESS INTERNATIONAL, LLC damaged or likely to be damaged by the false designation(s) of origin?

   Yes  __X__
   No   _____

*Go to Question 10.*

10. Enter the amount of FITNESS INTERNATIONAL, LLC's damages:
    Past Damages:    $__100_____
    Future Damages:  $__100_____
    *Go to Question 11.*

### COMMON LAW FRAUD

11. Did LEAH ALSPAUGH make representations to FITNESS INTERNATIONAL, LLC, including its employees and representatives, that a fact was true?

Yes   __X__

No   _____

*Go to Question 12.*

12. Did LEAH ALSPAUGH make representations to third parties (other than FITNESS INTERNATIONAL, LLC and its employees and representatives), that a fact was true?

Yes   __X__

No   _____

*Go to Question 13.*

13. If you answered Yes to Question 11 or 12, were LEAH ALSPAUGH's representations false?

Yes   __X__

No   _____

*If your answer is Yes, go to Question 14.*

*If your answer is No, go to Question 20.*

14. Did LEAH ALSPAUGH know her representations were false when she made them, or make the representations recklessly without regard for their truth?

Yes   __X__

No   _____

*If your answer is Yes, go to Question 15.*

*If your answer is No, go to Question 20.*

15. Did LEAH ALSPAUGH intend for FITNESS INTERNATIONAL (including its employees and representatives) and/or third parties to rely on her representations?

   Yes   __X__

   No   _____

   *If your answer is Yes, go to Question 16.*

   *If your answer is No, go to Question 20.*

16. Did FITNESS INTERNATIONAL (including its employees and representatives) and/or third parties reasonably rely on LEAH ALSPAUGH's representations?

   Yes   __X__

   No   _____

   *If your answer is Yes, go to Question 17.*

   *If your answer is No, go to Question 20.*

17. Was FITNESS INTERNATIONAL, LLC harmed?

   Yes   __X__

   No   _____

   *If your answer is Yes, go to Question 18.*

   *If your answer is No, go to Question 20.*

18. Was FITNESS INTERNATIONAL, LLC's (including its employees and representatives) or the third party(ies) reliance on LEAH ALSPAUGH's representations a substantial factor in causing FITNESS INTERNATIONAL, LLC's harm?

   Yes   __X__

   No   _____

   *If your answer is Yes, go to Question 19.*

   *If your answer is No, go to Question 20.*

19. If you answered Yes to Question 18, enter the amount of FITNESS INTERNATIONAL, LLC's damages:

    Past Damages:    $___100_____

    Future Damages:  $___100_____

*Go to Question 20.*

## INTENTIONAL INTERFEENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

20. Were FITNESS INTERNATIONAL, LLC and any third party in an economic relationship that probably would have resulted in an economic benefit to FITNESS INTERNATIONAL, LLC?

    Yes   ___X_

    No   _____

*If your answer is Yes, go to Question 21.*
*If your answer is No, go to Question 28.*

21. Did LEAH ALSPAUGH know of the relationships?

    Yes   __X__

    No   _____

*If your answer is Yes, go to Question 22.*
*If your answer is No, go to Question 28.*

22. Did LEAH ALSPAUGH engage in conduct to interfere with the relationships?

    Yes   __X__

    No   _____

*If your answer is Yes, go to Question 23.*
*If your answer is No, go to Question 28.*

23. By engaging in this conduct, did LEAH ALSPAUGH intend to disrupt the relationships?

    Yes    __X__

    No    _____

*If your answer is Yes, go to Question 24.*

*If your answer is No, go to Question 28.*

24. Was the relationship disrupted?

    Yes    __X__

    No    _____

*If your answer is Yes, go to Question 25.*

*If your answer is No, go to Question 28.*

25. Was FITNESS INTERNATIONAL, LLC harmed?

    Yes    __X__

    No    _____

*If your answer is Yes, go to Question 26.*

*If your answer is No, go to Question 28.*

26. Was LEAH ALSPAUGH's conduct a substantial factor in causing FITNESS INTERNATIONAL, LLC's harm?

    Yes    __X__

    No    _____

*If your answer is Yes, go to Question 27.*

*If your answer is No, go to Question 28.*

27. If you answered Yes to Question 26, enter the amount of FITNESS INTERNATIONAL, LLC's damages:

      Past Damages:    $____100_____

      Future Damages:  $____100_____

*Go to Question 28.*

### INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

28. Was there a contract between FITNESS INTERNATIONAL, LLC and a third party?

      Yes  __X__

      No  _____

*If your answer is Yes, go to Question 29.*

*If your answer is No, go to Question 35.*

29. Did LEAH ALSPAUGH know of the contract?

      Yes  __X__

      No  _____

*If your answer is Yes, go to Question 30.*

*If your answer is No, go to Question 35..*

30. Did LEAH ALSPAUGH's conduct prevent performance of the contract, or make performance more expensive or difficult?

      Yes  __X__

      No  _____

*If your answer is Yes, go to Question 31.*

*If your answer is No, go to Question 35.*

    31.    Did LEAH ALSPAUGH intend to disrupt the performance of this contract, or know that disruption of performance was certain or substantially certain to occur?

        Yes  __X__

        No  _____

        *If your answer is Yes, go to Question 32.*

        *If your answer is No, go to Question 35.*

    32.    Was FITNESS INTERNATIONAL, LLC harmed?

        Yes  __X__

        No  _____

        *If your answer is Yes, go to Question 33.*

        *If your answer is No, go to Question 35.*

    33.    Was LEAH ALSPAUGH's conduct a substantial factor in causing FITNESS INTERNATIONAL, LLC's harm?

        Yes  __X__

        No  _____

        *If your answer is Yes, go to Question 34.*

        *If your answer is No, go to Question 35.*

    34.    If you answered Yes to Question 33, enter the amount of FITNESS INTERNATIONAL, LLC's damages:

        Past Damages:    $____100_____

        Future Damages:  $____100_____

        *Go to Question 35.*

**PUNITIVE DAMAGES**

35. Did LEAH ALSPAUGH engage in conduct with malice, oppression, or fraud?

Yes __X__

No _____

*If your answer is Yes, go to Question 36.*

*If your answer is No, stop here, and have the presiding juror sign and date this form, below.*

36. What amount of punitive damages, if any, do you award to FITNESS INTERNATIONAL, LLC:

$__401,600__.

37. TOTAL DAMAGES: Please total the amounts in your response to Questions 6, 10, 19, 27, 34 and 36: $__602,400__.

You have now completed this Verdict Form. The Presiding Juror should sign the Form below, and notify the Clerk that you have reached a verdict.

Dated: May 4, 2023            _____/s/_____

                              Presiding Juror

NOW THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that plaintiff, FITNESS INTERNATIONAL, LLC, by reason of its Complaint against defendant, LEAH ALSPAUGH, is entitled to Judgment in the amount of $602,400.00, and any costs and disbursements as allowable pursuant to statute.

DATED: May 8, 2023            _David O. Carter_____
                              THE HONORABLE DAVID O. CARTER