# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No: <u>SA CV 22-01800-DOC-(DFMx)</u>　　　　　　　Date: <u>February 15, 2024</u>

Title:　<u>FITNESS INTERNATIONAL, LLC. v. LEAH ALSPAUGH</u>

PRESENT:　<u>THE HONORABLE DAVID O. CARTER, UNITED STATES DISTRICT JUDGE</u>

|  Karlen Dubon  |  Sharon Seffens  |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| Christine C. DeMetruis | Terra Castillo-Laughton |

**PROCEEDINGS:**　　　**STATUS CONFERENCE RE CIVIL CONTEMPT**

　　Case is called. Defendant Leah Alspaugh present in custody.

　　The Court and counsel confer.

　　The Court's ORDER is as follows:

　　This Court has the inherent authority to enforce compliance with its orders through contempt via the imposition of monetary sanctions or imprisonment of the contemnor to compel compliance with the Court's orders. See 18 U.S.C. § 401. The purpose of civil contempt is to coerce the contemnor into compliance with the Court's orders. U.S. v. Powers, 629 F.2d 619, 627 (9th Cir. 1980).

　　Mr. Cross of the Federal Public Defender's Office has consistently stated that his client, Ms. Alspaugh, is not competent. See Dkt. 149. At the February 7, 2024 hearing, the Court concurred with Mr. Cross's assessment. It concluded that the bizarre and troubling factual record clearly and convincingly established that Ms. Alspaugh is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 22-01800-DOC-(DFMx)            Date: February 15, 2024
                                                                                                                      Page 2

incompetent, meaning she is not able to understand the nature of the proceedings against her and cannot aid in her own defense. The Court reiterates that finding today.

Based on this finding, the Federal Public Defender argues that Ms. Alspaugh is unable to comply with the Court's permanent injunction. Thus, the justification for civil contempt—coercing compliance—cannot be achieved by her continued incarceration.

The Court understands the public defender's point and agrees that, in her present state, Ms. Alspaugh is unable to comply with the Court's permanent injunction. The Court finds that the only way to ensure that Ms. Alspaugh complies is through mental health intervention. For this reason, pursuant to Federal Rule of Civil Procedure 35, the Court ORDERS Ms. Alspaugh to submit immediately to a psychological evaluation at the Santa Ana Jail. The Court orders a report regarding this examination be produced by noon on February 21, 2024.

The mental health evaluation is not punitive. Last time Ms. Alspaugh was in custody in July and August 2023, she submitted to a mental health evaluation. After this evaluation, she was able to have a lucid conversation with the Court. It appears that a mental health evaluation is the only way to ensure that Ms. Alspaugh can understand the nature of these proceedings and her obligations under the Court's permanent injunction. In this respect, such evaluation appears to be the only way to coerce compliance with the Court's orders.

cc:     **Samuel Cross, DFPD, sam_cross@fd.org**
        **USM, court.mail-cac@usdoj.gov**

                                                                                                            :     49
                                                             Initials of Deputy Clerk: kdu