**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 20 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FITNESS INTERNATIONAL, LLC, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> LEAH ALSPAUGH, <br><br> Defendant - Appellant, <br><br> and <br><br> DOES, 1 to 50, inclusive, <br><br> Defendant. | No. 23-2682 <br><br> D.C. No. 8:22-cv-01800-DOC-DFM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted October 20, 2025 **

Before: O'SCANNLAIN, SILVERMAN, and N.R. SMITH, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Defendant Leah Alspaugh appeals a jury verdict and permanent injunction entered in favor of Fitness International, LLC in its trademark infringement action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the jury verdict for substantial evidence and denial of judgment as a matter of law de novo, *Wallace v. City of San Diego*, 479 F.3d 616, 624 (9th Cir. 2007), and affirm.

Federal Rule of Civil Procedure 48 allowed the district court to conduct the jury trial with six jurors and two alternate jurors. *See* Fed. R. Civ. P. 48(a) ("A jury must begin with at least 6 and no more than 12 members. . .").

Contrary to Alspaugh's assertions, the Special Verdict Form was filed and served on her before trial and conformed to the complaint, which alleged fraud and requested damages.

The jury's finding that Fitness owns the trademarks for LA Fitness, L.A. Fitness and Pro Results is well-supported by the trial record. Fitness presented certified copies of its trademarks issued by the United States Patent and Trademark Office and evidence that it had been operating under the trademarks for many years. To the extent that Alspaugh argues that the district court erred in denying her motion to vacate judgment, the district court properly denied the motion. Viewing the evidence in the light most favorable to Fitness, the jury verdict in favor of Fitness was well-supported by the record. *See Wallace*, 479 F.3d at 624 (setting forth the standard for a motion for judgment as a matter of law).

Contrary to Alspaugh's assertion, the district court had the power and discretion to enter the permanent injunction. *La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*, 762 F.3d 867, 879 (9th Cir. 2014); 15 U.S.C. § 1116(a).

We decline to consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

All pending motions are DENIED as moot.

**AFFIRMED.**